ISAAC SMITH, COLLECTOR OF TAXES, ADS. THE STATE, ALLEN, PROSECUTOR.

1. When a tax brought before the court by *certiorari* is affirmed, the court will in its discretion enforce the payment thereof by attachment.

2. A *fi. fa.* cannot regularly issue in such a case for the costs; they must be first demanded, and, if not paid, collected by attachment.

A motion for an attachment against the prosecutor was made in this case by *A. V. Van Fleet,* for the defendant, and by *G. A. Allen,* with whom was *F. Kingman,* for a re-taxation of the costs, before HAINES and ELMER, Justices.

The opinion of the court was delivered by

ELMER, J.　It appears that a *certiorari* was allowed in this case, returnable to the term of February, 1863, to bring before the court a certain tax of seven dollars, assessed against the prosecutor, and that upon his application the collector was restrained from taking any proceedings to collect the same. At February term, 1864, this tax was affirmed, and thereupon a rule was allowed, upon the application of the defendant, ordering the prosecutor to pay the sum of eight dollars, being the said tax and interest, or that he show cause why he should not be attached for a contempt. At the same term, the costs having been taxed for the defendant, and these having been demanded and not paid, an order was made that an execution issue to collect the same, and thereupon a *fi. fa.* was issued and put into the hands of the sheriff. At the same term, the prosecutor obtained a rule to stay the proceedings on the execution, but at the succeeding November term, the court set aside this rule, with costs. Notice was also given to retax the costs, but the prosecutor failed to proceed on his notice.

The parties being now for the first time before the court together, we are asked to retax the costs and to award an attachment. There can be no doubt that according to the

settled practice of the court in analagous cases, the proper mode of enforcing the payment of the tax and of the costs is by attachment. A writ of *fieri facias* can be regularly issued only where there is a common law judgment or a special authority by statute, as in criminal cases. A party making use of the authority of the court to stay proceedings against him, voluntarily subjects himself to its control in regard to their further prosecution. If it appears that the tax is so situated that the collector can enforce its payment without difficulty or delay, the court in its discretion may direct a tax which has been affirmed to be thus collected ; but, in general, the surest and best course is to proceed by attachment. In this case the time for issuing a tax warrant has long been passed, and it is by no means certain that the proceedings by virtue of the third section of the act to make taxes a lien on real estate, *Nix. Dig.* 845, § 79,* apply to a tax situated as this is. Whether it does or not, we think, as several ineffectual efforts have been made to collect it, the case calls for a remedy by attachment.

The prosecutor having neglected to bring the question of retaxation before the court in due time, the bill of costs, as filed, must stand confirmed. The costs of the *fi. fa.* are allowed to stand, because the rule to stay the proceedings on that writ was discharged, and no proceedings were taken to set aside the same. There have been irregularities and delays on both sides. As the case stands, we think we shall best do justice to both parties by ordering, that if the prosecutor shall pay the costs endorsed to be levied on the *fi. fa.* heretofore issued, with interest thereon from March 2d, 1864, and the sheriff's execution fees, and also the sum of seven dollars, the original tax, with interest thereon from the twentieth day of December, 1862, at the rate of six per cent. per annum, to the defendant or his attorney, during the sitting of the court, all further proceedings cease, without further or other costs on either side ; but if this be neglected, a rule be entered on the last day of the term, that an attachment issue against the prosecutor as for a contempt, with costs for that motion.

CITED in *State* v. *Lewis, Collector,* 6 *Vroom* 380.

* *Rev., p.* 1164, § 116.